IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

**FILED DISTRICT COURT**
JUN 2 6 2017
DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

| | | |
|---|---|---|
| BRITTON SCHROEDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| vs. | ) | **CJ-2017-02535** *Should be CJ-17-2536* |
| | ) | Judge: **LINDA G. MORRISSEY** |
| TRAVELERS INSURANCE COMPANY | ) | |
| & STANDARD FIRE INSURANCE | ) | |
| COMPANY (a wholly owned Subsidiary | ) | |
| of TRAVELERS | ) | ATTORNEY LIEN CLAIMED |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## PETITION

COMES NOW the Plaintiff and for her cause of action against the above named Defendants alleges and states as follows:

### I. PARTIES

1. Plaintiff was, at all times relevant hereto, a resident in Tulsa County, Oklahoma.

2. Defendants TRAVELERS INSURANCE COMPANY ("Travelers") and STANDARD FIRE INSURANCE COMPANY ("SFIC") were Insurance Companies licensed to transact insurance under the laws of the State of Oklahoma at the time of the incident complained of in this Petition.

3. Upon information and belief, SFIC is a wholly owned subsidiary of TRAVELERS, is managed by TRAVELERS, has its' actions directed by TRAVELERS, and is completely controlled by TRAVELERS, and the Defendants are the agents of each other.

4. Upon information and belief, the Defendants are merely instrumentalities of each other, and as such, the separation between the two may be disregarded and, under Oklahoma law, they may be treated as one for the purposes of tort law.

**EXHIBIT 1**

5.      At all times relevant hereto, Plaintiff owned and was insured by an Automobile Liability Insurance Policy, containing liability, comprehension and collision coverages (the "Policy") with Defendants and the Policy was in force at the time of the accident involving Plaintiff that underlies this case.

6.      The Policy was issued by Defendant SFIC and claims submitted under the Policy were managed, interpreted, handled and adjusted by Defendant TRAVELERS.

## II. FACTUAL BACKGROUND

7. That on or about October 6, 2016, Plaintiff was involved in a car wreck wherein the person in the other vehicle was injured and her car totaled. In addition, Plaintiff's car was totaled.

8. As a result of the subject wreck, Plaintiff made a first party claim with Defendants for benefits under the collision coverage of the Policy.

9. In addition, the other person in the wreck has made both personal injury and property damage claims against Plaintiff.

10. Plaintiff notified Defendants of the claims by the other person and asked to be defended and indemnified under the liability coverage of the Policy.

11. In bad faith breach of its contract with Plaintiff, Defendants untruthfully and incorrected advised Plaintiff that the Policy had been canceled and was not in force, and also wrongfully refused to process any of Plaintiff's claims and/or defend and indemnify Plaintiff against the claims against her.

12. As direct result of Defendants' bad faith breach of contract with Plaintiff, Plaintiff has and will in the future suffered financial loss and damage and general damages, collectively in an amount in excess of $75,000.00.

13. Defendants breached their duty of good faith and their duty to deal fairly with Plaintiff by wrongfully denying that she had coverage under the Policy that would have provided her with insurance benefits on both her first party claim and in defense of the third party claims brought against her.

14. As purported grounds for denying her claims under the Policy, Defendants incorrectly and fraudulently advised Plaintiff that the Policy was not in force at the time of the subject wreck.

15. Defendants had a legal, statutory and fiduciary duty to properly inform Plaintiff of available coverage under the Policy, to properly interpret the Policy, to correctly advise Plaintiff of available coverage and limits, to assist Plaintiff pursue any claim she might have for benefits, and finding coverage available, to timely evaluate and adjust any claim she had for benefits.

16. There has been unnecessary and bad faith delay in adjusting the claims made by Plaintiff under the Policy, all to Plaintiff loss and damage.

17. To date, Defendants have unlawfully and completely failed and refused to pay Plaintiff benefits due her under the Policy and have wholly failed and refused to defend and indemnify her against the claims made by others due to the subject wreck.

18. Defendants breached their contractual duties under the Policy as described above and in failing to pay Plaintiff benefits due her under the Policy and in failing to defend and indemnify her.

19. As a result of Defendants wrongful and unlawful conduct, Plaintiff has been deprived of benefits, including defense and indemnity, for an extended period of time and been compelled to hire legal counsel to recover her benefits.

## IV. BAD FAITH AND UNFAIR DEALINGS

28. Plaintiff hereby incorporates the paragraphs above.

29. Defendants' acts and omissions, as alleged herein, amount to failure to deal in good faith and deal fairly with the Plaintiff, contrary to common law and Oklahoma statutory law.

30. That as a result of the actions of bad faith by Defendants, "plaintiff" has suffered both special and general damages, together in an amount in excess of $75,000.00.

31. That Defendants' actions of bad faith were intentional, reckless, willful and wanton against Plaintiff, and Defendants should be punished as a deterrent to keep them and other like them who are in similar positions from acting in such a manner in which the Defendant's have acted against the Plaintiff. These damages should be set in an amount equal to or in excess of Plaintiff's non punitive damage award.

WHEREFORE, premises considered, Plaintiff prays for judgment against the Defendants, each one individually and jointly and severally, in an amount in excess of $75,000.00, as and for general and special damages; as well as punitive damages against each Defendant in an amount in excess of $75,000.00 together with pre-judgment and post-judgment interest, costs, attorney fees, and any other relief this Court deems just and equitable.

Respectfully submitted,
MARLIN R. DAVIS, PC

Marlin R. Davis, OBA #10777
8908 S. Yale Ave., Ste 245
Tulsa, Oklahoma 74137
(918) 742-0900
(918) 742-0001 (Fax)
mrd@marlinrdavislaw.com
*Attorney for Plaintiff*